UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

October 14, 2014

LETTER TO COUNSEL

RE: *Bertha Hale Cooper v. Commissioner, Social Security Administration*;
Civil No. SAG-13-3636

Dear Counsel:

On December 3, 2013, Plaintiff Bertha M. Hale Cooper petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 15, 17). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will GRANT Defendant's motion and DENY Plaintiff's motion. This letter explains my rationale.

Ms. Hale Cooper filed her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on July 19, 2011. (Tr. 64–65). She alleged a disability onset date of May 6, 2011. (Tr. 154, 161). Her claims were denied initially and on reconsideration. (Tr. 88–93, 96–98, 103–05). A hearing was held on July 2, 2012, before an Administrative Law Judge ("ALJ"). (Tr. 30-47). Following the hearing, the ALJ determined that Ms. Hale Cooper was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 16–25). The Appeals Council denied Ms. Hale Cooper's request for review, (Tr. 1–3), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Ms. Hale Cooper suffered from the severe impairments of degenerative arthritis, lumbar spine spondylosis, and emphysema. (Tr. 18). However, the ALJ found that Ms. Hale Cooper's medically determinable impairments of hypertension and affective disorder (depressive disorder) were non-severe. (Tr. 18). Despite these impairments, the ALJ determined that Ms. Hale Cooper retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that the claimant can no more than occasionally crawl, crouch, stoop, or climb ramps and stairs. The claimant can frequently balance and kneel. The claimant should avoid exposure to extreme temperatures, wetness, humidity, irritants, hazardous machinery, and unprotected heights.

*Bertha Hale Cooper v. Commissioner, Social Security Administration*
Civil No. SAG-13-3636
October 14, 2014
Page 2

(Tr. 20). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Hale Cooper could perform her past relevant work and that, therefore, she was not disabled. (Tr. 24).

Ms. Hale Cooper raises several arguments on appeal. First, she claims that the ALJ should have found that her medically determinable impairment of depressive disorder was severe. She also claims that the ALJ should have included non-exertional limitations resulting from her depressive disorder in his RFC assessment. Finally, she argues that the ALJ erred in discrediting the opinion of Ms. Close, her treating certified registered nurse practitioner ("CRNP"). Each argument lacks merit and is addressed below.

Ms. Hale Cooper first alleges that the ALJ erred in concluding that her depressive disorder was not severe at Step Two of the sequential evaluation process. Step Two is a threshold determination of whether a claimant is suffering from a severe impairment or combination of impairments. *See Bowen v. Yuckert*, 482 U.S. 137, 147–48 (1987) (upholding the severity threshold because, "if a claimant is unable to show that he has a medically severe impairment . . . there is no reason for the Secretary to consider the claimant's age, education, and work experience"). If a claimant is not suffering from any severe impairment(s), she is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If a claimant is found to be suffering from a severe impairment(s), the analysis simply proceeds to the next step. *Id.*

The ALJ's conclusion that Ms. Hale Cooper's depressive disorder was non-severe was supported by substantial evidence. In support of her argument that at Step Two, the ALJ should have concluded that her depressive order was severe, Ms. Hale Cooper claims that her depressive disorder constitutes more than a "slight abnormality," citing to treatment records from Mountain Laurel Medical Center. Pl.'s Br. 6–9. At Step Two, the claimant bears the burden of production and proof. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (citing *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992). The Mountain Laurel Medical Center treatment records referenced by Ms. Hale Cooper are consistent with the ALJ's determination. Records from November 2010, prior to her alleged onset date, characterize Ms. Hale Cooper's depressive disorder as "treated with medication" and "controlled." (Tr. 232, 235). In January 2011, Ms. Hale Cooper stated that "the current dose" of her medication was "working well for her depressive symptoms," and her symptoms were described as "stable." (Tr. 236, 239). Later in January 2011, Ms. Hale Cooper denied worsening of her depressive symptoms, which were once again described as "stable". (Tr. 245, 248). On May 9, 2011, three days after her alleged disability onset date, the status of her depression was described as "unchanged," and Ms. Hale Cooper denied any depression flares. (Tr. 249). Treatment records from June and August of 2011 make no reference at all to Ms. Hale Cooper's depressive disorder. (Tr. 253–61). The only instance of Ms. Hale Cooper reporting that her symptoms had worsened occurred in April 2012. (Tr. 332–37). However, records from May 2012, just one month later, listed depression as a past medical condition, and indicated that Ms. Hale Cooper had neither depressed mood or marked diminished interest or pleasure at the time. (Tr. 327–31). The assessment indicated that she had reported significant improvement due to medication. *Id.* Indeed, there is nothing in the record to indicate that Ms. Hale Cooper's depressive order significantly limited her mental ability to do basic work

activities during the relevant time period. Accordingly, I find that the ALJ's characterization of Ms. Hale Cooper's depressive disorder as non-severe is supported by substantial evidence.

Moreover, because the ALJ found Ms. Hale Cooper suffered from other severe impairments, any error resulting from his determination that her depressive disorder was non-severe was harmless. After finding other severe impairments, the ALJ moved on to steps three and four of the sequential evaluation process. At Step Four, the ALJ assessed Ms. Hale Cooper's RFC, which required him to consider all of her impairments—including her non-severe impairments—in determining her capacity to engage in basic work-related activities. 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2). For example, the ALJ evaluated Ms. Hale Cooper's medical evidence relating to depression. (Tr. 21). Because the ALJ considered whether Ms. Hale Cooper's depressive disorder impacted her capacity to engage in basic work-related activities at Step Four, any error at Step Two would be harmless.

Ms. Hale Cooper also contends that the ALJ failed to include non-exertional limitations stemming from her depressive disorder in his RFC determination. Pl.'s Br. 12–14. Ms. Hale Cooper correctly asserts that all limitations found by the ALJ must be included in his RFC determination. Ms. Hale Cooper's argument incorrectly assumes that all medically determinable impairments manifest in functional limitations. However, even "severe" mental impairments do not always manifest in functional limitations. *See Thompson v. Astrue*, 442 F.App'x 804 (4th Cir. 2011). Ms. Hale Cooper's argument ignores the reality that the ALJ considered her depressive disorder and found no functional limitations resulting therefrom. In his RFC assessment, the ALJ discussed Ms. Hale Cooper's depressive disorder, and concluded that:

> the medical evidence of record shows that the claimant's depression was usually well-controlled with medication. When she did complain of depression symptoms, they were only mild, and Ms. Close prescribed her additional medication. The claimant did not complain of depression at her subsequent visits, suggesting that the medication had helped her.

(Tr. 21–22). The ALJ's finding is supported by a social security policy ruling to which Ms. Hale Cooper cites, which states that "an individual whose impairment is found to be not severe is considered not to be significantly restricted in the ability to engage in basic work-related activities." SSR 85-16, 1985 WL 56855, at *1.

In support of her argument that the ALJ should have identified limitations resulting from her depressive disorder, Ms. Hale Cooper asserts that remand is necessary because the ALJ did not adequately discuss the four broad functional areas of the special technique. 20 C.F.R. §§ 404.1520a, 416.920a. However, the ALJ briefly discussed the four broad functional areas in determining that Ms. Hale Cooper's depressive disorder was not severe. (Tr. 19). It is also telling that Ms. Hale Cooper does not cite any evidence on the record that indicates that her depressive disorder causes limitations impacting the four broad functional areas. While the ALJ could have reiterated his prior finding that the record was devoid of any evidence of more than mild limitations in the four broad functional areas, his failure to do so does not merit remand. At

*Bertha Hale Cooper v. Commissioner, Social Security Administration*
Civil No. SAG-13-3636
October 14, 2014
Page 4

best, the ALJ's cursory application of the special technique constitutes harmless error. I find that the ALJ did not err in excluding non-exertional limitations from his RFC determination, since his finding that no limitations existed was supported by substantial evidence.

Finally, Ms. Hale Cooper contends that the ALJ erred in discrediting the opinion of Ms. Close, her treating CRNP. She claims that the ALJ's assignment of weight was based on Ms. Close's status as a non-acceptable medical source, and that it ignored the fact that Ms. Close was in the best position to assess the long-term effects of Ms. Cooper's mental health impairments. Pl.'s Br. 9–12. Because a CRNP is not an "acceptable medical source," she cannot give a "medical opinion" or be considered a treating source. SSR 06–3P. Moreover, whether a source is an "acceptable medical source" or not is a factor that may be considered in assigning weight to that source's opinion. *Id.* Yet the opinion of a non-acceptable medical source, such as a CRNP, is relevant in determining the severity of an impairment and its impact on an individual's ability to function. *Id.* Social Security Ruling 06–3P explains that the same factors that apply to evaluating the opinions of medical sources apply to evaluating the opinions of other sources. *Id.* Contrary to Ms. Hale Cooper's contentions, the ALJ cited a variety of those factors as reasons to discount Ms. Close's physical capacity evaluation (Tr. 390), in addition to noting that Ms. Close was not an acceptable medical source under the regulations. (Tr. 23). The ALJ provided an abundance of support for his assignment of little weight to Ms. Close's opinion, stating that the opinion was ambiguous, inconsistent with the medical evidence of record, and lacking in evidentiary support. *Id.* Notably, Ms. Hale Cooper's argument that Ms. Close was in the best position to assess the effects of her *mental* impairments does not provide a basis for assigning weight to Ms. Close's *physical* capacity evaluation. *Compare* Pl.'s Br. 12 *with* (Tr. 390). Accordingly, I find that the ALJ's assignment of weight was supported by substantial evidence.

For the reasons set forth herein, Ms. Hale Cooper's Motion for Summary Judgment (ECF No. 15) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 17) is GRANTED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                                                Sincerely yours,

                                                /s/

                                                Stephanie A. Gallagher
                                                United States Magistrate Judge